UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOUTHERN STATES COOPERATIVE, INC. | ) ) ) | |
|     **Plaintiff/Judgment Creditor,** | ) ) | Case No. 04-MC-40007-FDS |
| v. | ) ) | |
| JOSEPH MUNER d/b/a TOPSHAM AGWAY, | ) ) ) | |
|     **Defendant/Judgment Debtor.** | ) ) | |

| | | |
|---|---|---|
| SOUTHERN STATES COOPERATIVE, INC. | ) ) ) | |
|     **Plaintiff/Judgment Creditor,** | ) ) | Case No. 04-MC-40008-FDS |
| v. | ) ) | |
| BREWER AGWAY REALTY TRUST, | ) ) | |
|     **Defendant/Judgment Debtor.** | ) ) | |

## ORDER

**SAYLOR, J.**

Plaintiff/judgment creditor Southern States Cooperative, Inc. obtained judgments from the United States District Court for the District of Maine in the above-captioned matters. On July 22, 2004, Southern States registered the two Maine federal judgments in this Court under 28 U.S.C. § 1963 for enforcement in this district. On that same date, Southern States filed motions for disclosure hearings in the two matters.

The Court is unable to grant the relief Southern States requests as drafted. Disclosure hearings are creatures of Maine law, *see* Me. Rev. Stat. Ann. tit. 14, § 3125 (West 2004), and therefore are not available to Southern States for enforcing the registered judgments in Massachusetts. *See Gabovitch v. Lundy*, 584 F.2d 559, 560 (1st Cir. 1978) (applying Massachusetts law to the enforcement of a registered Rhode Island federal judgment). Nevertheless, disclosure hearings as described in the Maine statutes resemble proceedings for supplementary process under Massachusetts law. *See* Mass. Gen. Laws ch. 224, §§ 14-16 (2000 & Supp. 2004). Those proceedings are available to a judgment creditor that registers a federal judgment in this district. *See Aetna Casualty & Surety Co. v. Rodco Autobody*, 965 F. Supp. 104 (D. Mass. 1996) (describing the conduct of supplementary-process proceedings in federal court).

Accordingly, the Court will deny the motions for disclosure hearings in the above-captioned matters as drafted. Southern States may, however, file applications for supplementary process with requests that summonses issue. The Court may then summon the judgment debtors to be examined under oath as to their ability to pay the judgments and may entertain requests by Southern States for appropriate orders. *See Board of Comm'rs of Stark County, Ohio v. Cape Stone Works*, 206 F. Supp. 2d 100, 105 (D. Mass. 2002).

The plaintiff/judgment creditor's motions for disclosure hearings are hereby DENIED without prejudice to its invoking supplementary-process procedures under Massachusetts law. **So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor
United States District Judge

Dated: August 25, 2004